# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LUCY B. IKONA**, *individually and in* *her capacity as Personal Representative* *of the Estate of Kenneth Mindako Etuka*, **and Roggie B. Etuka**, *on her own* *behalf and on behalf of her siblings*, | ) ) ) ) ) ) | |
| **Plaintiffs** | ) ) | **Case No. 21-cv-2130-JWB-TJJ** |
| **v.** | ) ) | |
| **ACH of Overland Park, LLC,** | ) ) | |
| **Defendant.** | ) | |

## NOTICE AND ORDER TO PLAINTIFFS TO SHOW CAUSE

**To Plaintiffs Lucy B. Ikona and Roggie B. Etuka:**

On March 17, 2021, Plaintiffs filed this wrongful death and survival action, asserting this Court has subject matter jurisdiction under 28 U.S.C. § 1332.[1] However, Plaintiffs fail to allege facts regarding the residency of all members of the LLC defendant sufficient for the Court to determine whether diversity of citizenship exists, as § 1332 requires. Plaintiffs allege in their First Amended Complaint only where the LLC is organized and where its principal place is business is located.[2]

For diversity jurisdiction purposes, a person is a citizen of the state where he resides.[3] The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its

---

[1] ECF No. 1. Plaintiffs amended their Complaint the next day. (ECF No. 4.)

[2] *See generally* ECF No. 4.

[3] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

principal place of business is located.[4] If the business is a limited liability company, its citizenship is determined by the citizenship of each member of the LLC.[5]

Here, Plaintiffs never identify the citizenship of the members of Defendant AHC of Overland Park, LLC. The allegations therefore fail to establish Defendant's citizenship for diversity jurisdiction purposes.

The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[6] and "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[7]

The Court cannot determine the citizenship of the LLC defendant. Consequently, the Court cannot conclude that Plaintiffs and Defendant are diverse for purposes of subject matter jurisdiction. The Court therefore directs Plaintiffs to show cause in writing to District Judge John W. Broomes, **on or before April 2, 2021,** why the Court should not dismiss this case because it lacks subject matter jurisdiction over the action.

**IT IS THEREFORE ORDERED** that Plaintiffs must show good cause in writing to District Judge John W. Broomes, **on or before April 2, 2021**, why the Court should not dismiss this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

[4] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[5] *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001).

[6] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[7] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Dated March 19, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge